IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK KAUFMAN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-CV-024-GKF-TLW |
| ) | |
| DAVID C. MILLER, Warden, ) | |
| ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Jack Kaufman, Jr., a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 7), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 7, 8, 9). Petitioner did not file a reply. For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

On February 27, 2007, at about 9:15 p.m., two Tulsa police officers observed three (3) passengers enter a vehicle stopped at a green light. The vehicle was blocking traffic at the intersection of 4th Street and South Main in downtown Tulsa. The police officers initiated a traffic stop for failing to obey a green light. Petitioner was driving the car. After running a records check on the occupants of the vehicle, one of the passengers was placed under arrest for outstanding warrants. While Petitioner stood outside the car, the officers observed a baggie fall out of the Petitioner's pants leg. The baggie contained what was later determined to be over 13 grams of cocaine. Petitioner was arrested and charged with Trafficking in Illegal Drugs, After Former

Conviction of a Felony, in Tulsa County District Court Case No. CF-2007-1669. He was tried by a jury and found guilty. The trial court sentenced Petitioner to forty (40) years imprisonment, in accordance with the jury's recommendation. Petitioner was represented at trial by Assistant Public Defender Brian Rayl.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by Assistant Public Defender Stuart Southerland, he raised the following three (3) propositions of error:

| | |
|---|---|
| Proposition One: | The detention, search and seizure of Appellant violated the Fourth and Fourteenth Amendments to the United States Constitution as well as Article II, § 30 of the Oklahoma constitution. |
| Proposition Two: | The jury was improperly instructed as to Appellant's eligibility for parole. |
| Proposition Three: | Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. |

(Dkt. # 7, Ex. 1). In an unpublished summary opinion filed January 14, 2009, in Case No. F-2008-117 (Dkt. # 7, Ex. 3), the OCCA rejected all claims and affirmed the Judgment and Sentence of the trial court. Petitioner did not seek certiorari review from the United States Supreme Court, nor did he file an application for post-conviction relief in the state courts.

On January 13, 2010, Petitioner filed his federal petition for writ of habeas corpus (Dkt. #1). He raised the following grounds of error:

| | |
|---|---|
| Ground One: | The detention, search and seizure of petitioner violated the Fourth and Fourteenth Amendments to the United States Constitution. |
| Ground Two: | The trial court improperly instructed the jury regarding Petitioner's eligibility for parole. |
| Ground Three: | Ineffective assistance of trial counsel (three instances). |

(Dkt. # 1). In response, Respondent asserts that Petitioner's claims are barred, are not cognizable in this habeas proceeding, or do not justify habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 7.

## *ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his federal claims challenging his conviction and sentence to the OCCA on direct appeal. The OCCA denied relief. See Dkt. # 7, Ex. 3. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

### 1. Fourth Amendment claim (ground 1)

In his first ground for relief, Petitioner claims that his detention, and the search and seizure of evidence used against him violated his Fourth Amendment rights guaranteed to him through the Fourteenth Amendment. On direct appeal, Petitioner argued that the police officers did not have a justifiable reason for stopping his car when he was merely picking up three passengers at the intersection. See Dkt. # 7, Ex. 1 at 6. Further, the officers did not have good cause to pat down Petitioner for weapons simply because he appeared nervous, scared and was "looking around a lot." Id. at 10. Thus, Petitioner contends that the pat down search was unreasonable, and the admission of evidence discovered during the pat down search should not have been admitted. Id. The OCCA denied relief on this claim finding that "the stop, detention, and search of Appellant did not violate the Fourth and Fourteenth Amendments." Dkt. # 7, Ex. 3 at 2. Respondent asserts that, because Petitioner had the opportunity to fully and fairly litigate this issue in state court, his claim is not cognizable in this federal habeas corpus proceeding. See Dkt. #7 at 2-3.

In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an

4

unconstitutional search and seizure was introduced at trial. Id. at 482. The Tenth Circuit has reiterated that a federal habeas corpus court may not overturn a state criminal conviction because of a violation of the Fourth Amendment if the petitioner had a full and fair opportunity to litigate the claim in state court proceedings. Brown v. Sirmons, 515 F.3d 1072, 1082 (10th Cir. 2008); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992); Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978).

The Court need not belabor its discussion of Petitioner's Fourth Amendment claim raised in ground one because the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate this claim. Prior to commencement of trial, defense counsel filed two motions to suppress and quash, see Dkt. # 9-5, O.R. at 27-28, and 46, in which he challenged both the validity of his initial detention and arrest and the validity of the evidence obtained as a result of the search and seizure. The first motion was argued at Petitioner's preliminary hearing, and was denied. See Dkt. # 7, Ex. 4, Trans. Prelim. Hr'g at 21-24. At the conclusion of a hearing on the second motion, Petitioner's motion to suppress and quash was again overruled. See Dkt. # 9-1, Trans. Hr'g dated September 26, 2007. As discussed above, Petitioner also raised his Fourth Amendment claim on direct appeal, see Dkt. # 7, Ex. 1, where it was rejected by the OCCA, see id., Ex. 3. In denying the relief requested in Petitioner's direct appeal, the OCCA stated that the stopping of Petitioner's car was legal because the officers had probable cause to believe the driver had violated a traffic law, and had "sufficient reasonable suspicion to conduct the pat down for weapons." Id. at 2, 4.

Based on the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. As a result, this Court is precluded from considering the issues raised in ground one of the petition for a writ of habeas corpus based on

Stone, 428 U.S. at 494. See also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards). Petitioner's request for habeas relief premised on violations of the Fourth Amendment shall be denied.

### 2.      Improper jury instruction (ground 2)

As his second ground of error, Petitioner claims that his jury was not properly instructed regarding his eligibility for parole. See Dkt. # 1 at 6. He complains that the trial judge erroneously instructed the jury, based on defense counsel's request, that "[i]f a person is sentenced to imprisonment for more than forty-five years, or life imprisonment, the calculation of eligibility for parole shall be based upon a sentence of forty-five (45) years." Id. The OCCA rejected this claim, finding as follows:

> In Proposition II, any error which may have occurred as a result of instructing the jury on Appellant's parole eligibility was invited by Appellant's request that the instruction be given and therefore, is not grounds for relief. *Hogan v. State,* 2006 OK CR 19, ¶ 45, 139 P.3d 907, 925; *Ledbetter v. State*, 1997 OK CR 5, ¶ 57, 933 P.2d 880, 897.

(Dkt. # 7, Ex. 3 at 4).

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981) (citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977))); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state conviction may

6

only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

Upon careful review of the record, the Court finds that the state court's decision to instruct the jury about parole eligibility with the instruction requested by Petitioner did not deprive him of fundamental fairness or violate due process. See Kibbe, 431 U.S. at 155. The OCCA's decision was not an unreasonable application of Supreme Court law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on ground two.

### 3.     Ineffective assistance of trial counsel (ground 3)

In ground three, Petitioner contends that his trial counsel was constitutionally ineffective because he: (1) failed to object to the admission of the contents of the baggie (cocaine); (2) improperly advised Petitioner as to the range of punishment for trafficking in cocaine base; and (3) mistakenly advised the trial court that it was mandatory to instruct the jury that a forty-five year sentence equaled a life term for purposes of calculating parole eligibility. See Dkt. # 1 at 6. Rejecting these claims on direct appeal, the OCCA found as follows:

> In Proposition III, we have reviewed counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 677-78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984) and find Appellant has failed to prove he was denied the effective assistance of counsel. Counsel's failure to raise timely objections to the admission of the cocaine merely resulted in this Court reviewing the claim on appeal for plain error. Having done so, and found no error, Appellant has failed to show that he was prejudiced by counsel's omission. *See Phillips v. State*, 1999 OK CR 38, ¶ 104, 989 P.2d 1017, 1044.
>
> Further, counsel's initial confusion regarding the range of punishment was cured by the trial court and Appellant has failed to show that but for counsel's shortcoming he would have taken the State's offer of ten (10) years and not gone to trial. Additionally, based upon the evidence in this case, any error in counsel's request of the jury instruction on parole eligibility did not prejudice Appellant. Having thoroughly reviewed the sentencing proceedings in this case, Appellant has failed to show there is a reasonable probability that, but for any unprofessional errors

7

> by counsel, the result of the proceeding would have been different. *Bland v. State*, 2000 OK CR 11, ¶ 113, 4 P.3d 702, 731.

See Dkt. # 7, Ex. 3 at 4-5.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Cullen v.

Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner first complains that his trial counsel failed to object to the admission of the cocaine at his trial. The admissibility of the cocaine was addressed by the trial court twice when Petitioner filed his motions to suppress, and again by the OCCA on direct appeal when Petitioner challenged his detention and search and seizure. The state court rulings all concurred in finding that the cocaine was legally seized, and therefore properly admitted as evidence. Because Petitioner's substantive claim that the cocaine evidence should not have been admitted is without merit, his claim of ineffective assistance of counsel for failing to object to its admission also fails. Willingham v. Mullin, 296 F.3d 917, 934 n.6 (10th Cir. 2002) (noting that if a substantive claim is found to lack merit, then "separate consideration of the associated ineffective assistance claims is unnecessary.") Nothing in the record suggests that Petitioner's counsel would have been successful if he had objected to the admission of the cocaine at trial. The Court agrees with the OCCA's conclusion that trial counsel's failure to object to the admission of the cocaine did not constitute deficient performance under the Strickland standards. Petitioner's first claim of ineffective assistance of counsel does not support habeas relief.

Next, Petitioner argues that his trial counsel advised him of an incorrect punishment range for trafficking in cocaine base. In his appellate brief before the OCCA, Petitioner argued that he did not have sufficient time to consider the State's plea bargain offer of ten years, once it was determined that only one of his prior felonies could be used for punishment. See Dkt. # 7, Ex. 1. The record reflects that, after conducting voir dire and then excusing the jury panel until the afternoon, the trial judge made a record concerning Petitioner's understanding of the State's plea offer of

fifteen (15) years. See Dkt. # 9-6, Tr. Trans. at 4-5. The trial judge, the prosecutor, and defense counsel all agreed that the range of punishment for Petitioner's crime, with four (4) prior felony convictions, was thirty (30) years to life. See id. However, after Petitioner questioned the validity of using all of his former felony convictions to enhance his sentence, the prosecutor agreed that only one (1) of the prior felony convictions could be used to enhance. Id. at 9. With only one prior felony conviction, the minimum sentence would be twenty (20) years. See Okla. Stat. tit. 21, § 51.1(A)(2). As a result, the prosecutor changed his plea recommendation to ten (10) years. See Dkt. # 9-6, Tr. Trans. at 10. Petitioner was afforded the opportunity to consider the plea offer while the jury was excused for lunch. Id. at 9-13. After the lunch recess, both the prosecutor and defense counsel announced on the record that they were ready to proceed with jury trial. Id. at 14. Significantly, as noted by Respondent, Petitioner has never claimed that he would have accepted the ten year plea offer had the issue regarding prior felony convictions been resolved earlier. Accordingly, he has not demonstrated prejudice as a result of trial counsel's initial confusion. The OCCA's finding that counsel was not ineffective under the Strickland standards was not an unreasonable application of Supreme Court law. Habeas relief shall be denied on this portion of his ineffective assistance of counsel claim.

Lastly, Petitioner claims that his trial attorney's representation was constitutionally ineffective because he incorrectly requested a jury instruction describing the calculation of Petitioner's eligibility for parole as based upon a sentence of forty-five years. See Dkt. # 9-6, Tr. Trans. at 133-35. The jury was given the instruction, as requested by Petitioner. See Dkt. # 9-5, O.R. at 106 (Instruction No. 19). On direct appeal, Petitioner argued that there is "no strategic benefit to [Petitioner] for the jury to be instructed that for any sentence longer than forty-five years,

[Petitioner's] parole eligibility would be calculated as though he received a forty-five year sentence." See Dkt. # 7, Ex. 1 at 29. However, other than speculating about how the jury might have considered the allegedly incorrect jury instruction, Petitioner fails to show how he was prejudiced by the attorney's action in requesting the instruction. As a result, Petitioner's claim is speculative and lacks merit. For that reason, the Court cannot find that trial counsel's performance prejudiced Petitioner. He is not entitled to habeas corpus relief on this portion of his claim of ineffective assistance of trial counsel. 28 U.S.C. § 2254(d).

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate judgment in favor of Respondent shall be entered in this matter.

3. A certificate of appealability is **denied**.

**DATED** this 25th day of January, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT